**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

JEFFERY L. HILTS,                     :
a/k/a Jeffrey L. Hilts,               :
                                      :    Civil Action No. 08-1762 (JBS)
              Petitioner,             :
                                      :
         v.                           :    **OPINION**
                                      :
WARDEN J. GRONDOLSKY,                 :
                                      :
              Respondent.             :

**APPEARANCES**:

Petitioner <u>pro</u> <u>se</u>
Jeffery L. Hilts
F.C.I. Fort Dix
Box 2000
Fort Dix, NJ 08640


**SIMANDLE**, District Judge

    Petitioner Jeffery L. Hilts, a prisoner currently confined

at the Federal Correctional Institution at Fort Dix, New Jersey,

has submitted a petition for a writ of habeas corpus pursuant to

28 U.S.C. § 2241[1] and an application for leave to proceed <u>in</u>

<u>forma</u> <u>pauperis</u>.  The sole respondent is Warden Paul Schultz.

_____

    [1] Section 2241 provides in relevant part:

    (a) Writs of habeas corpus may be granted by the
    Supreme Court, any justice thereof, the district courts
    and any circuit judge within their respective
    jurisdictions.
    ...
    (c) The writ of habeas corpus shall not extend to a
    prisoner unless-- ... (3) He is in custody in violation
    of the Constitution or laws or treaties of the United
    States ... .

Based upon his affidavit of indigence, this Court will grant
Petitioner's application for leave to proceed in forma pauperis.
Because it appears from a review of the Petition that this Court
lacks jurisdiction to consider this Petition, and that it is not
in the interest of justice to transfer the Petition, the Court
will dismiss the Petition.  See 28 U.S.C. §§ 1631, 2243, 2244(a),
2255.

## I.   BACKGROUND

According to the allegations of his Petition, as supported
by the records in other federal courts,[2] Petitioner was convicted
pursuant to a guilty plea, in the U.S. District Court for the
Northern District of New York, of using and carrying six firearms
during and in relation to a drug trafficking crime, in violation
of 18 U.S.C. § 924(c)(1).  The remaining counts of the indictment
were dismissed.  On August 5, 1992, Petitioner was sentenced to
imprisonment for a term of sixty months, to be followed by
supervised release for three years.  Petitioner did not appeal
his conviction or sentence.  See United States v. Hilts, Criminal
Action No. 92-0069 (N.D.N.Y.).

---

[2] This Court will take judicial notice of the dockets of
other federal courts in cases related to this Petition.  See
Fed.R.Evid. 201; Southern Cross Overseas Agencies, Inc. v. Wah
Kwong Shipping Group Ltd., 181 F.3d 410, 426-27 (3d Cir. 1999)
(federal court, on a motion to dismiss, may take judicial notice
of another court's opinion, not for the truth of the facts
recited therein, but for the existence of the opinion, which is
not subject to reasonable dispute over its authenticity).

In December 1995, the Supreme Court of the United States held in Bailey v. United States, 516 U.S. 137 (1995), that a conviction for "use" of a firearm under § 924(c)(1) requires the government to show "active employment of the firearm."  516 U.S. at 144.  As the Court explained, active employment includes uses such as "brandishing, displaying, bartering, striking with, and, most obviously, firing or attempting to fire" the weapon.  516 U.S. at 148.  "Use" does not include mere possession of a firearm; thus, a "defendant cannot be charged under § 924(c)(1) merely for storing a weapon near drugs or drug proceeds," or for "placement of a firearm to provide a sense of security or to embolden."  Id. at 143, 149.[3]

On April 24, 1996, President Clinton signed into law the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, 110 Stat. 1214 ("AEDPA"), which created a one-year period of limitation in which to file a motion to vacate, correct, or set aside a sentence under 28 U.S.C. § 2255.  Federal courts uniformly have given prisoners whose convictions became final before the enactment of AEDPA a one-year grace period in which to file a § 2255 motion.  See Johnson v. United States, 544

---

[3] On May 18, 1998, the Supreme Court held that the rule announced in Bailey can be asserted in a collateral attack under § 2255 where the defendant demonstrates either cause and actual prejudice for the failure to raise the issue on direct appeal or that he is actually innocent.  See Bousley v. United States, 523 U.S. 614 (1998).

U.S. 295, 300 (2005); Mickens v. United States, 148 F.3d 145, 148
(2d Cir. 1998).

On January 18, 2006, Petitioner filed a motion under § 2255,
in the court of his conviction, challenging his conviction on the
grounds that he was actually innocent of the crime, pursuant to
the construction of § 924(c) announced by the Supreme Court in
the Bailey decision.  See Hilts v. United States, Civil Action
No. 05-0145 (N.D.N.Y.).  The trial court denied the motion as
untimely.  The Court of Appeals for the Second Circuit denied
Petitioner a certificate of appealability.  See Hilts v. United
States, Consolidated Appeals Nos. 07-0188, 07-1042 (2d Cir.).

This Petition, under 28 U.S.C. § 2241 here in the district
of confinement, followed.  Here, Petitioner asserts the same
claim asserted in his § 2255 motion, that he is actually innocent
of the crime of conviction under the interpretation of
§ 924(c)(1) announced by the Supreme Court in Bailey.  Petitioner
alleges that he is actually innocent of the crime because, at the
time of his arrest, he had no firearms or drugs in his
possession.  He states that six firearms and 22.68 grams of
cocaine were located when federal officers executed a search
warrant at his residence.  The firearms were located in the
bedroom closet and the cocaine was found outside of the apartment
on the rear porch in the garbage.  Petitioner argues that he
should be permitted to pursue this claim through a § 2241

petition because his remedy under § 2255 is "inadequate and

ineffective," as his § 2255 petition was deemed time-barred.

II.   STANDARDS FOR A SUA SPONTE DISMISSAL

United States Code Title 28, Section 2243 provides in

relevant part as follows:

> A court, justice or judge entertaining an
> application for a writ of habeas corpus shall forthwith
> award the writ or issue an order directing the
> respondent to show cause why the writ should not be
> granted, unless it appears from the application that
> the applicant or person detained is not entitled
> thereto.

A pro se pleading is held to less stringent standards than

more formal pleadings drafted by lawyers.  Estelle v. Gamble, 429

U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972).

A pro se habeas petition and any supporting submissions must be

construed liberally and with a measure of tolerance.  See Royce

v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney

General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v.

Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399

U.S. 912 (1970).  Nevertheless, a federal district court can

dismiss a habeas corpus petition if it appears from the face of

the petition that the petitioner is not entitled to relief.  See

Lonchar v. Thomas, 517 U.S. 314, 320 (1996); Siers v. Ryan, 773

F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989).

See also 28 U.S.C. §§ 2243, 2255.

III.   ANALYSIS

Here, Petitioner contends that he is entitled to habeas relief under § 2241, despite the facts that he has filed a previous § 2255 motion and that the Court of Appeals for the Second Circuit has previously denied him a certificate of appealabiltiy on the very claim urged in this Petition, because he is "actually innocent" and because relief under § 2255 now is time-barred and, thus, is "inadequate or ineffective."  Cf. In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997).

As noted by the Court of Appeals for the Third Circuit in Dorsainvil, 119 F.3d at 249, § 2255 has been the "usual avenue" for federal prisoners seeking to challenge the legality of their confinement.  See also Chambers v. United States, 106 F.3d 472, 474 (2d Cir. 1997); Wright v. United States Bd. of Parole, 557 F.2d 74, 77 (6th Cir. 1977); United States v. Walker, 980 F.Supp. 144, 145-46 (E.D. Pa. 1997) (challenges to a sentence as imposed should be brought under § 2255, while challenges to the manner in which a sentence is executed should be brought under § 2241). Motions under § 2255 must be brought before the Court which imposed the sentence.  See 28 U.S.C. § 2255.  In addition, before a second or successive § 2255 motion is filed in the district court, the petitioner must move in the appropriate court of appeals for an order authorizing the district court to consider the petition on the grounds of either (1) newly-discovered

evidence that would be sufficient to establish by clear and

convincing evidence that no reasonable factfinder would have

found the petitioner guilty of the offense or (2) a new rule of

constitutional law made retroactive by the Supreme Court.  28

U.S.C. §§ 2244(a), 2255.

Section 2255, however, contains a safety valve where "it

appears that the remedy by motion is inadequate or ineffective to

test the legality of [Petitioner's] detention."  In Dorsainvil, a

case involving a Bailey claim, the Third Circuit held that the

remedy provided by § 2255 is "inadequate or ineffective,"

permitting resort to § 2241 (a statute without timeliness or

successive petition limitations), where a prisoner who previously

had filed a § 2255 motion on other grounds "had no earlier

opportunity to challenge his conviction for a crime that an

intervening change in substantive law may negate."  119 F.3d at

251.  The court emphasized, however, that its holding was not

intended to suggest that § 2255 would be considered "inadequate

or ineffective" merely because a petitioner is unable to meet the

stringent gatekeeping requirements of § 2255.  Id.  To the

contrary, the court was persuaded that § 2255 was "inadequate or

ineffective" in the unusual circumstances presented in Dorsainvil

because it would have been a complete miscarriage of justice to

confine a prisoner for conduct that, based upon an intervening

interpretation of the statute of conviction by the United States

Supreme Court, may not have been criminal conduct at all.  <u>Id.</u> at

251-52.

Here, Petitioner does allege that he is being confined for

conduct that is not criminal, the <u>Dorsainvil</u> exception.

Petitioner can not establish, however, that he had "no earlier

opportunity" to challenge his conviction based upon the <u>Bailey</u>

decision.  To the contrary, Petitioner did present this challenge

to the trial court, which found it time-barred,[4] and to the Court

of Appeals for the Second Circuit, which declined to issue a

certificate of appealability, in a prior § 2255 motion.

Petitioner can not demonstrate that the circumstances constitute

the sort of "complete miscarriage of justice" that would justify

application of the safety-valve language of § 2255 rather than

its gatekeeping requirements.  Section 2255 is not "inadequate or

ineffective" merely because a prior § 2255 motion was deemed

untimely.

Thus, this Petition must be considered a second or

successive motion under § 2255, which Petitioner has not received

---

[4] The trial court noted that Petitioner's § 2255 motion was
filed more than eight and one-half years after the one-year AEDPA
grace period expired on April 24, 1997.  The trial court found
"insufficient and unpersuasive" Petitioner's argument that the
prison law library and paralegal resources were inadequate during
the interim.  <u>Hilts v. United States</u>, Civil Action No. 05-0145,
Memorandum Decision and Order at 6-7 (N.D.N.Y. Dec. 7, 2006).

authorization to file, and over which this Court, in the district of confinement, lacks jurisdiction.[5]   28 U.S.C. § 2255.

Whenever a civil action is filed in a court that lacks jurisdiction, "the court shall, if it is in the interest of justice, transfer such action ... to any other such court in which the action ... could have been brought at the time it was filed."  28 U.S.C. § 1631.

Petitioner has not alleged facts to bring this Petition within the gatekeeping requirement of § 2255 permitting "second or successive" petitions based upon newly discovered evidence sufficient to establish that no reasonable factfinder would have found the movant guilty of the offense or a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court.  Moreover, the Court of Appeals for the Second Circuit has already denied Petitioner a certificate of appealability in his § 2255 motion asserting this same claim.

_____

[5] Although this Court is reclassifying Petitioner's petition as a § 2255 motion, no Miller notice and order is necessary to afford Petitioner an opportunity to raise additional § 2255 grounds.  The purpose of the Third Circuit's decision in United States v. Miller, 197 F.3d 644 (3d Cir. 1999), was to provide fair warning to petitioners whose petitions were being recharacterized as § 2255 motions so that they could ensure that all their claims were fully raised in a single all-encompassing § 2255 petition.  Such warning, the Miller court reasoned, is necessary because petitioners will thereafter be unable to file "second or successive" § 2255 petitions without certification by the Court of Appeals.  Because Petitioner in this case has already filed a § 2255 motion in the sentencing court, and because the current Petition is itself "second or successive," no purpose would be served by a Miller notice.

Accordingly, it does not appear that it would be in the interest of justice to transfer this Petition to the Court of Appeals for the Second Circuit.

Finally, this Court expresses no opinion as to the merits of Petitioner's claims.

## IV.   CONCLUSION

For the reasons set forth above, the Petition must be dismissed without prejudice for lack of jurisdiction.   An appropriate order follows.


**s/ Jerome B. Simandle**
Jerome B. Simandle
United States District Judge


Dated:   **December 23, 2008**


10